## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| TAI'S BROS. CORPORATION, | ) | Civil Case No. CV1118-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| SEAQUEST (GUAM), INC. dba | ) | |
| SEAWALKER TOURS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Plaintiff Tai's Bros. Corporation's ("TBC") Motion for Summary Judgment. Attorney Zachary G. Damian represents TBC. Attorney Philip Torres represents Defendant Seaquest (Guam) Inc. dba Seawalker Tours ("Seawalker"). For the reasons set forth below, the Court **DENIES** TBC's Motion for Summary Judgment.

## BACKGROUND

On or about December 1, 2017, TBC and Seawalker entered into an Automobile Lease Agreement ("the Agreement"). Damian Decl. Ex. 1 (June 10, 2019). The term of the agreement commenced on December 1, 2017 and expired on November 30, 2019, for a total of two years. *Id.* Under the Agreement, TBC leased a Toyota Sienna van to Seawalker for $965.00 per month. *Id.* The Agreement contained the following provisions:

ORIGINAL

Early Return: In the event that Lessee returns the leased car before the contract expiration date, or have the vehicle been recovered by Lessor due to non-payment of monthly rental dues, the Lessee must pay an "early return" penalty to the Lessor. The penalty amounts are as follows:

| | |
|---|---|
| The 1st year of a 2 year least term | 10 months lease |
| The 2nd year of a 2 year lease term | 6 months lease |

*Id.* ¶ 14.

Seawalker failed to make full payments for the Toyota Sienna for the months of January 2018 through August 2018. Damian Decl. Exs. 3 and 4. On or about July 31, 2018, Seawalker returned the Toyota Sienna van to TBC. Dizon Aff. (June 10, 2019). On November 27, 2018, TBC filed a Complaint against Seawalker for Breach of Contract, claiming that Seawalker breached the Agreement by failing to make timely and complete lease payments and by failing to pay the amounts owed under the Early Return provision.

On June 10, 2019, TBC filed a Motion for Summary Judgment. Seawalker filed an Opposition on July 24, 2019, and TBC filed a Reply on September 9, 2019. The Court heard oral arguments on November 7, 2019, and took this matter under advisement at that time.

## PRINCIPLES OF LAW

### A. Summary Judgment.

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). The Court must examine all facts in a light favorable to the non-movant. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7.

## B. Breach of contract.

Under a breach of contract theory, a plaintiff must establish (1) the existence of a contract, (2) their performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages. *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19. When analyzing a breach of contract claim, if a contract's language is clear and explicit, such language governs the interpretation. 18 GCA § 87104. "[T]he intention of the parties is to be ascertained from the writing alone, if possible..." 18 GCA § 87105.

## C. Liquidated damages clauses.

Guam law requires that "[d]amages must, in all cases, be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damages can be recovered." 20 GCA § 2281. Parties may appropriately contract for liquidated damages pursuant to 18 G.C.A. § 88104, which provides that "parties to a contract may agree therein on an amount which shall be presumed to be the amount of damage sustained by a breach thereof; when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." *Id.* Furthermore, the Supreme Court of Guam has recognized that:

> It is generally agreed that a liquidated damages provision does not violate public policy when, at the time the parties enter into the contract containing the clause, **the circumstances are such that the actual damages likely to flow from a subsequent breach would be difficult for the parties to estimate or for the nonbreaching party to prove**, and the sum agreed upon is designed merely to compensate the nonbreacher for the other party's failure to perform.

*Pangelinan v. Camacho*, 2008 Guam 4 n. 14 (emphasis added) (citing *Williston on Contracts* § 65:1 (4th ed. 2007).).

Whether a liquidated damages amount is a reasonable estimate of the damages that would likely result from a default is a question of fact. *Green Park Inn, Inc. v. Moore*, 149 N.C. App. 531, 540 (2002); *A-Z Servicenter, Inc. v. Segall*, 334 Mass. 672, 675 (1956); *JR Real Estate Dev., LLC v. Cheeley Inv., L.P.*, 309 Ga. App. 250, 253 (2011). The burden of establishing that damages would be difficult to ascertain and that the provision does not impose a penalty rests on the party seeking to enforce the stipulated damages provision. *Am. Multi-Cinema, Inc. v. Southroads, L.L.C.*, 115 F. Supp. 2d 1257, 1263 (D. Kan. 2000).

The Court's review of the relevant case law reveals that damages are only deemed difficult to ascertain when there is a specific showing as to why a precise monetary amount cannot be easily calculated. *Rumsey v. Gillis*, 329 Ga. App. 488, 492 (2014) (damages deemed difficult to ascertain when real estate agent testified that value of a residence at issue was subject to difficult-to-predict market fluctuations); *Am. Multi-Cinema, Inc.*, 115 F. Supp. 2d 1257 at 1266 (actual damages difficult to ascertain because delay in constructing shopping center could have imperiled tenant movie theater's relations with potential customers who otherwise would have been shopping at the center); *Luna v. Smith*, 861 S.W.2d 775, 780 (Mo. Ct. App. 1993) (damages deemed difficult to ascertain due to length of lease term (twenty years) and because party was precluded from operating a similar business within the immediate geographical area during the time that the lease agreement had been in effect); *cf. Co. v. Stage II Apparel Corp.*, 230 A.D.2d 772, 773 (1996) (actual damages arising from breach were readily ascertainable in context of a commercial landlord-tenant lease agreement).

## ANALYSIS

TBC does not seek actual damages but instead seeks liquidated damages pursuant to the Early Return provision, which requires that in the event Seawalker breaches, it must pay

liquidated damages of either ten-months' worth of payments (if the breach occurs during the first year of the lease) or six-months' worth of payments (if the beach occurs during the second year.) It is undisputed that Seawalker returned the vehicle in July 2018 (during the first year of the lease) and has not paid the amount owed in the Early Return provision. The sole issue before the Court is whether the Early Return provision of the agreement is enforceable.

It is undisputed that the parties agreed to the Early Return provision at the time of the contract's formation. However, Seawalker argues that summary judgment is inappropriate, as "the efficacy of a liquidated damages clause includes evidence beyond the mere presence of the liquidated damages clause" because it "raises factual issues of the intent of the parties and understanding of prospective damages at the time of execution of the contract." Opp'n at 3 (July 15, 2019). TBC argues that the Early Return provision is directly and reasonably related to the damages suffered as a result of Seawalker returning the vehicle early as it allows TBC to recover revenue lost by the early return.

The Early Return provision does not indicate that liquidated damages were being used because actual damages would be difficult to ascertain, nor do TBC's pleadings provide any argument as to why the damages for the breach are difficult to ascertain. For this reason, the Court holds that TBC has failed to meet its burden of demonstrating that, at the time of the contract's formation, "actual damages likely to flow from a subsequent breach would [have been] difficult for the parties to estimate." *Pangelinan*, 2008 Guam 4 n. 14. Such a showing is necessary for a liquidated damages provision to be enforced under Guam law. *Id.* Because there is an outstanding question of material fact regarding the propriety of the liquidated damages provision, summary judgment is not appropriate at this time.

## CONCLUSION

For the reasons above, the Court **DENIES** TBC's Motion for Summary Judgment.

SO ORDERED, this _20_ day of _Feb. 2020_ .

*Further Proceedings march 5, 2020 @ 10 a.m.*

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

CAMACHO CALVO
TORRES

Date: 2-20-20   Time: 12n

Deputy Clerk, Superior Court of Guam